## PEOPLE v. SECOR.

(Supreme Court, Appellate Term. November 12, 1909.)

1. APPEAL AND ERROR (§ 1140*) — REVERSAL — DISMISSAL OF CAUSE — SUBSEQUENT PROCEEDINGS.

    Judgment was reversed and a new trial directed, to be had December 30, 1908, unless plaintiff stipulated to reduce the judgment to $50, in which case the judgment, as modified, was affirmed. *Held*, that plaintiff, not having filed his consent to reduce the judgment on December 30, 1908, defendant was absolutely entitled to a new trial on that date, though

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

plaintiff subsequently agreed to reduce the judgment, which defendant paid, and appealed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4475, 4476; Dec. Dig. § 1140.*]

2. APPEAL AND ERROR (§ 158*) — JUDGMENT — MOTION TO VACATE — DENIAL — PAYMENT—APPEAL.

Judgment was reversed, unless plaintiff stipulated by a specified date to reduce it to $50; otherwise, a new trial was ordered. Plaintiff had not then remitted the excess of the payment. Thereafter plaintiff filed an agreement to reduce the judgment, whereupon the court entered judgment, which defendant paid, having unsuccessfully moved to vacate the same, and appealed. Held, that the judgment was in existence for the purpose of being reversed and vacated, though it had been paid prior to the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 973–977; Dec. Dig. § 158.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the People of the State of New York against Ida C. Secor. From a Municipal Court judgment for the People, and from an order denying defendant's motion to vacate the judgment, she appeals. Reversed, and new trial ordered.

See, also, 113 N. Y. Supp. 487.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Louis B. Eppstein, for appellant.

Francis V. S. Oliver, for respondent.

SEABURY, J. The plaintiff recovered a judgment for $100 and costs. The defendant appealed from the judgment rendered. This court (November term, 1908) reversed the judgment and directed a "new trial to be had in the same district in which the action was brought on the 30th day of December, 1908, unless the plaintiff stipulates to reduce the judgment to $50, in which case the judgment, as modified, is affirmed, without costs to either party in this court." The case was, pursuant to the order of this court, called for trial on December 30, 1908, several adjournments had, and on February 5, 1909, placed upon the "reserved generally calendar" of the Municipal Court. On February 19, 1909, the plaintiff filed a stipulation, to which the defendant was not a party, in the Municipal Court, agreeing to reduce the judgment to $50, and upon that stipulation the lower court entered judgment. The defendant paid the judgment, and has appealed therefrom.

The judgment appealed from should be reversed, and the parties restored to the position occupied by them before the entry thereof. The order of this court directed that the case be retried on December 30, 1908, unless the plaintiff stipulate to reduce the judgment. This order simply gave the plaintiff until December 30, 1908, to file his consent to the reduction of the judgment in the regular way. The plaintiff failed so to do, and the defendant's right to a new trial became absolute on that date. The appeal from the order denying de-

fendant's motion to vacate the judgment should be reversed. The judgment was in existence for the purpose of being reviewed and vacated by the Municipal Court, even though it had been paid prior to the motion. The same question presented to this court on the appeal from the judgment was presented to the lower court on the motion to vacate the judgment.

Order and judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.